UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RANDALL KLING                                            CIVIL ACTION NO.

VERSUS
                                                         19-671-JWD-EWD
TROY HEBERT, ET AL.

## RULING AND ORDER

Before the Court is a Motion to Temporarily Stay Discovery (the "Motion"),[1] filed by Juana Marine-Lombard, in her official capacity as the current Commissioner of the Office of Alcohol and Tobacco Control of the Louisiana Department of Revenue ("Lombard"). Randall Kling ("Plaintiff") has filed an opposition[2] and Defendants have filed a reply.[3]

For the reasons set forth herein, the Motion[4] is granted in part. Any discovery as to Lombard is stayed pending resolution of Lombard's Motion to Dismiss.[5] Only written discovery may proceed as to other parties. If Lombard's Motion to Dismiss does not resolve all Plaintiff's claims as to her, full discovery may commence as to all parties upon resolution of the Motion to Dismiss.

**I.    Background**

On October 3, 2019, Plaintiff filed a Complaint against Lombard and Troy Hebert ("Hebert"), alleging violations of 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution. Plaintiff, a former employee of the Office of Alcohol and Tobacco Control, alleges that Hebert retaliated against Plaintiff because Plaintiff brought a complaint

---

[1] R. Doc. 13.

[2] R. Doc. 17.

[3] R. Doc. 23.

[4] R. Doc. 13.

[5] R. Doc. 12.

1

against Hebert, who was commissioner of ATC at the time to Cynthia Bridges, who was then secretary of LDR. Plaintiff seeks reinstatement of his prior employment, past lost wages, punitive damages, legal interest, attorney's fees and costs.

In response to Plaintiff's Complaint, Lombard filed a Motion to Dismiss, asserting the following arguments: 1) sovereign immunity prevents recovery against Lombard; 2) Plaintiff's § 1983 claim against Lombard is prescribed; 3) Plaintiff's Complaint fails to allege facts regarding reinstatement; and 4) Plaintiff's claim for reinstatement is barred by res judicata.[6] Plaintiff has filed an opposition to the Motion to Dismiss.[7] In connection with the Motion to Dismiss, Lombard filed the instant Motion, asking this Court to stay discovery pending disposition of the Motion to Dismiss.

**II.    There is Good Cause to Stay of Discovery in this Suit Pending Resolution of the Issues Raised in the Motion to Dismiss**

Rule 26(c) allows the Court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[8] Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[9] A district court has the inherent power to regulate the flow of cases and "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[10]

---

[6] R. Doc. 12-1.

[7] R. Doc. 16.

[8] Fed. R. Civ. P. 26(c)(1).

[9] *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)).

[10] *Landis v. N. Am. Co.*, 299 US 248, 254 (1936); *Billiot v. Beavers*, 2015 WL 4397108, *1 (E.D. La. July 13, 2015).

The Fifth Circuit has explained that "[t]he stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery."[11] "This authority has been held to provide the court the 'general discretionary power to stay proceedings before it in control of its docket and in the interests of justice.'"[12] Accordingly, when "the interests of justice seem[ ] to require such action," a court may exercise its discretion to stay civil proceedings, postpone discovery, or impose protective orders and conditions.[13] "Even discretionary stays, however, will be reversed when they are 'immoderate or of an indefinite duration.'"[14]

"It is well settled that governmental immunity is not only a defense against the burdens of liability, but also a defense to the burdens of litigation."[15] Lombard's Motion to Dismiss raises, *inter alia*, the defense of sovereign immunity, which is a threshold issue that could be dispositive of Plaintiff's claims as to her. Although Plaintiff has opposed the Motion and argues that Lombard has not made an adequate showing to warrant a stay, the cases upon which Plaintiff relies are distinguishable. Neither *Great Am. Boat Co. v. Alsthom Atlantic, Inc.*,[16] nor *Hernandez v. Baylor University*,[17] involve assertions of immunity. While it is true that a garden-variety motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) would likely not warrant a stay of discovery, because governmental immunity is not just a defense to liability, but to the burdens of litigation, good cause

---

[11] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (citing *Matter of Evangeline Refining Co.*, 890 F.2d 1312, 1320 (5th Cir. 1989); *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)).

[12] *In re Ramu*, 903 F.2d at 318 (citing *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir.1982)).

[13] *Billiot*, 2015 WL 4397108 at *2 (citations omitted).

[14] *In re Ramu*, 903 F.2d at 318 (citing *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir.1982)).

[15] *Rivera v. United States*, EP-15-cv-21-KC, 2015 WL 13650012, at * 2 (W.D. Tex. May 18, 2015) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

[16] Nos. 84-105 and 84-5442, 1987 WL 4766 (E.D. La. Apr. 8, 1987).

[17] No. 6-16-cv-069, 2016 WL 9450693 (W.D. Tex. Sept. 21, 2016).

exists to stay discovery pending resolution of such issues. However, as only Lombard has filed a motion raising governmental immunity, there is no basis to stay all discovery in this suit. Lombard should not be required to engage in any discovery or to participate in depositions, even those of other parties, until her Motion to Dismiss is resolved, but written discovery between the other parties in the suit may proceed.[18]

### III. Conclusion

For the reasons set forth herein, **IT IS HEREBY ORDERED** that the Motion to Temporarily Stay Discovery[19] is **GRANTED IN PART**. Any discovery as to Defendant Juana Marine-Lombard is stayed pending resolution of Lombard's Motion to Dismiss.[20]

**IT IS FURTHER ORDERED** that only written discovery may proceed as to other parties. If Lombard's Motion to Dismiss does not resolve all Plaintiff's claims as to her, full discovery may commence as to all parties upon resolution of the Motion to Dismiss.

Signed in Baton Rouge, Louisiana, on February 14, 2020.

                                                                           **ERIN WILDER-DOOMES**
                                                                           **UNITED STATES MAGISTRATE JUDGE**

---

[18] *See e.g., Batiste-Swilley v. City of Baton Rouge*, 17-443, 2018 WL 2208217, at *7 (M.D. La. May 14, 2018).

[19] R. Doc. 13.

[20] R. Doc. 12.